ORIGINAL

300018161

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

FILED-USDC-NDTX-DA
'25 JUN 5 PM1:41
KMB

| | |
|---|---|
| CLIFFORD JONES and 3X'S LAND TRUST, Plaintiffs, | CIVIL DIVISION |
| v. | No. 3-25CV1417-L |
| WINDTREE HOMEOWNERS ASSOCIATION, INC., THE CITY OF DALLAS AND UNITED TOWS, LLC | Judge ______________ |
| Defendants. | **COMPLAINT** |

**COMPLAINT, MOTION FOR TEMPORARY AND PRELEMINARY INJUNCTION, MOTION TO ENFORCE AND MOTION TO APPOINT A SPECIAL MASTER**

Plaintiffs Clifford Jones ("Jones") and 3X's Land Trust ("Land Trust" and, collectively with Jones, "Plaintiffs"), pro se, files this Complaint against Windtree Homeowners Association, Inc. ("Windtree"), The City of Dallas ("City") and United Tows ("United") (collectively, "Defendants"), averring as follows:

**NATURE OF THE ACTION**

1. This action arose when Windtree Homeowners Association, Inc., a Texas non-profit corporation failed to maintain the common elements of the Association property as previously Court Ordered with the City of Dallas via a Final Order and permanent injunction dated December 19, 2011. Windtree failures have resulted in the Plaintiff's floor foundation separating from wall, cracks in the wall, windows and doors not operating properly among other things.

2. Allowing these actions to proceed would result in imminent and irreparable harm, making it impossible for Plaintiff to live, enjoy or sell his real property.

3. Defendant Windtree has also used its towing agent, United Tows, LLC on May 12, 2025, to tow Plaintiff's car and in the process causing damages that require body work and tires replaced. To date, Plaintiff's vehicle is still at the dealership body shop.

**PARTIES**

4. Plaintiff Clifford J. Jones is a Black individual residing in Dallas County, Texas and lives at the subject property, located at 8110 Skillman Street, Unit 1005, Dallas, TX, 75231. Plaintiff Jones is also the Trustee of 3X's Land Trust which holds his title to the subject property.

5. Plaintiff, 3X's Land Trust is a Texas Land Trust entity which holds the title to Plaintiff Jones condominium unit located in Windtree Condominiums at 8110 Skillman Street, Unit 1005, Dallas, TX 75231.

6. Defendant, Windtree Homeowners Association, Inc. is a Texas non-profit corporation that governs Windtree Condominiums located at 8110 Skillman Street, Dallas, TX 75231. They operate in Dallas, Texas.

7. Defendant United Tows, LLC located at 7054 S Central Expressway, Dallas, TX 75216. They operate in Dallas, Texas with TDLR License #0572743VSF and 005728427C.

8. Defendant City of Dallas is a local municipality, organized in Dallas County, Texas.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 1981, 1982, 1983, 28 U.S.C. § 4101, Rule 53, Rule 65, Rule 70 and 12 CFR § 1006.6(d)(1) and (2).

10. Venue is proper in the Northern District of Texas pursuant to 42 U.S.C. §1988 and 28 U.S.C. §1331 as civil rights violations and other causes of action to this suit took place within

the territorial jurisdiction of this District. Defendants Windtree and United Tows operate within the judicial district and are subject to personal jurisdiction within the District. Defendant City of Dallas is a municipality operating within the judicial district and is subject to personal jurisdiction within the District.

## FACTS

11. Windtree Homeowners Association, Inc. is a Texas non-profit entity that manages a 200-unit condominium complex, located at 8110 Skillman Street, Dallas, Texas 75231. The condo units are individually owned and titled homeowners, who are also members of the association.

12. Windtree is primarily made up of two groups, owner occupied or investors. Of the 200 units, approximately only 30 units are owner occupied. The remaining 170 units are investors whom typical rent to Section 8 tenants.

13. The racial demographics of the 30 owner occupied units are approximately 97% Hispanic, 1% White, 1% black and 1% Asian.

14. The racial demographics of the 170 units owner investors (or the owners of their entities) are approximately 85% White, 5% Asian, 5% Hispanic and the rest unknown.

15. The tenants of the investor-owned units are approximately 85% Hispanic, 10% Black, 1% White and the rest unknown.

16. The majority of Windtree's Board Members are investor owners.

17. Windtree's board and management companies continue to make rules and regulations and change dedicatory instruments that have negatively affected the Plaintiff, including attempting to represent the sale of and/or sell his unit to other investors without his express permission.

18. On December 19, 2011, the City of Dallas was granted a Final Judgment and Agreed Permanent Injunction against Windtree (Exhibit A). The permanent injunction ordered Windtree to maintain the entire property in living condition for the health and safety of the owners and residents. Windtree has failed to comply.

19. The Final Judgment and Agreed Permanent Injunction against Windtree specified approximately 14 violations of the Dallas City Code exist or have existed on the Property which ordinances relate to:

(a) The preservation of public safety, relating to the material or methods used to construct a building or other structure or improvement, including the foundation, structural elements, electrical wiring or apparatus, plumbing fixtures, entrances, or exits;

(b) The preservation of public health or to the fire safety of a building or other structure or improvement;

(c) Dangerously damaged or deteriorated structures or improvements;

(d) Conditions caused by accumulation of refuse, vegetation, or other matter that creates breeding and living places for insects and rodents;

20. The Final Judgment and Agreed Permanent Injunction further states that there is a risk of adverse health impact and substantial danger of injury to persons on the property or to property other than that of the Defendant Windtree HOA. People and property will continue to suffer from adverse health impacts and risk substantial danger of injury unless Windtree HOA complies with these ordinances.

21. Windtree therefore Agreed, Ordered and Adjudged, pursuant to Sections 54.016 and 54.018 of the Texas Local Government Code that Defendants shall cease any conduct or

condition that fails to cure, repair, or otherwise remedy the following violations of the Dallas City Code:

(a) Repair or abate all holes, excavations, and/or sharp objects that are reasonably capable of causing injury to a person in violation of Section 27-11(a)(1) and maintain the property free of defects capable of causing injury to a person;

(b) Protect and maintain the exterior surfaces of the structures that are subject to decay by application of paint and continue to maintain the structures free of defects;

(c) Provide and maintain railings for stairs, steps, balconies, porches and elsewhere on the property and continue to maintain free of defects capable of causing injury to a person;

(d) Repair holes, cracks and other defects reasonably capable of causing injury to a person in stairs, porches, steps and balconies and continue to maintain free of defects of causing injury to a person;

(e) Repair and maintain a structure intended for human occupancy in a water-tight and weather-tight condition and continue to maintain in water-tight and weather-tight condition;

(f) Repair and maintain floors, walls, ceilings, and all supporting structural members in a sound condition, capable of bearing imposed loads safely and continue to maintain free of defects capable of causing injury to a person;

(g) Repair holes, cracks and loose surface materials that are health or safety hazards in or on floors, walls, and ceilings and continue to maintain free of defects capable of causing injury to a person;

(h) Eliminate any exposed electrical wiring and continue to maintain free of defects capable of causing injury to a person;

(i) Provide and maintain adequate security lighting on the property and continue to maintain free of defects;

(j) Remove and maintain property free of litter and continue to maintain free of litter;

(k) Remove any and all items that are not customarily stored outside that have been left outside for over 24 hours and continue to maintain the property free of outside storage;

(l) Maintain parking area in accordance with the Dallas City Code. The owner of off-street parking shall keep the maneuvering and parking areas free of potholes, maintain wheel guards and barriers, and maintain non-permanent parking space markings such as paint so that there is a clear identification of each space and continue to maintain free of defects;

(m) Repair and maintain dumpster screening and continue to maintain free of defects and;

(n) Number the multi-tenant units and/or buildings on the property in accordance with the Dallas City Code and continue to maintain it in accordance with the Dallas City Code.

22. Windtree has failed to comply with the State District's Court Final Judgment and Agreed Permanent Injunction at least on items described in the preceding Paragraph, subparagraphs (b), (e), (f), (i), (j), (k) and (m).

23. Plaintiff's condominium home is open to outside with sunlight coming in because the floor and foundation no longer join the wall. Plaintiff's patio door does not close or lock properly. Plaintiff's windows do not close or open properly. Plaintiff's walls have cracks in them from floor to ceiling.

24. Windtree's common elements/grounds had litter screens broken or missing at the dumpsters areas, litter on the grounds, animal waste on the grounds, furniture and debris outside of buildings and even Building G, a building under construction left wide open with no construction fence or doors and materials scattered on the ground.

25. The Final Judgment and Agreed Permanent Injunction also states that It Is Further Agreed, Ordered and Adjudged that the City, through its agents and inspectors, may enter and inspect the Property at any time with or without notice to Windtree HOA.

26. The Final Judgment and Agreed Permanent Injunction also states that It Is Further Agreed, Ordered and Adjudged that the parties waive any further findings of fact with regard to the issuance of this injunction, and agreed that this Injunction is sufficiently clear to comply with the requirements of Rule 683 of the Texas Rule of Civil Procedure.

27. Prior to the issuance of the Final Judgment and Agreed Permanent Injunction, Windtree filed a Chapter 11 Bankruptcy on May 20, 2010, without notice to or approval from the 200 individually owned condominium owners. The case was dismissed on June 17, 2010, and terminated on July 2, 2010. The case is: 10-33519-hdh11. The filing has false statements on the Statement of Financial Affairs, as Windtree listed that four board members, stated, that they each

own 25 percent ownership of Windtree, although Windtree is owned by 200 individually condominium members. The bankruptcy case was dismissed.

28. On May 12, 2025, Defendant United, as the towing agent for Windtree, towed Plaintiff's car and caused damage that require tire replacement and body work.

**COUNT I**
**Negligence Per Se**
**42 USC Ch. 21: Civil Rights §1981. Equal Rights/Property Rights**
**28 U.S.C. §1331Federal Question**
**(Defendant Windtree and United)**

29. Paragraphs 1 through 28 are incorporated herein by reference as though set forth more fully at length.

30. Windtree failed to control its towing agent United. Thus, the HOA failed to act in accordance with the statutorily proscribed duty standard of care.

31. United failed to control or manage its towing employees. Thus, United failed to act in accordance with the statutorily proscribed duty standard of care not to damage vehicles during the course of its towing assignments.

32. Windtree's and United's breach of its statutory duty to Plaintiff has proximately caused Plaintiff harm.

33. Federal Question: Has Defendant Windtree's actions violated Plaintiff's rights under 42 USC: Civil Rights §1981.

34. Federal Question: Has Defendant United's actions violated Plaintiff's rights under 42 USC: Civil Rights §1981.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, demand The Court answer the federal questions, find Defendants negligent per se and judgment in their favor and against

Defendant Windtree Homeowners Association, Inc., and Defendant United Tows, LLC for compensatory damages in an amount to be proved at trial, exclusive of interest and costs, and such other and further relief as the Court deems just and proper.

**COUNT II**
**42 USC Ch. 21: Civil Rights §1982. Property Rights of Citizens**
**42 U.S.C. § 1983. Deprivation of Rights**
**28 U.S.C. §1331Federal Question**
**(Defendants Windtree and the City of Dallas)**

35. Paragraphs 1 through 34 are incorporated herein by reference as though set forth more fully at length.

36. Federal Question: Has Defendant Windtree's actions violated Plaintiff's rights under 42 USC: Civil Rights §1982.

37. Federal Question: Has Defendant City of Dallas' actions violated Plaintiff's rights under 42 USC: Civil Rights §1982.

38. Federal Question: Has Defendant City of Dallas' actions violated Plaintiff's rights under 42 USC: Civil Rights §1983.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, demand the Court answer the federal questions and issue judgment in their favor and against Defendant Windtree Homeowners Association, Inc. and Defendant The City of Dallas with compensatory damages in an amount to be proved at trial, exclusive of interest and costs, and such other and further relief as the Court deems just and proper.

**COUNT III**
**42 USC Ch. 21: Civil Rights §1981. Property Rights of Citizens**
**42 U.S.C. § 1983. Deprivation of Rights**
**28 U.S.C. §1331Federal Question**
**(Defendants Windtree and the City of Dallas)**

39. Paragraphs 1 through 38 are incorporated herein by reference as though set forth more fully at length.

40. Federal Question: Has Defendant Windtree's actions violated Plaintiff's rights under 42 USC: Civil Rights §1981.

41. Federal Question: Has Defendant City of Dallas' actions violated Plaintiff's rights under 42 USC: Civil Rights §1981.

42. Federal Question: Has Defendant City of Dallas' actions violated Plaintiff's rights under 42 USC: Civil Rights §1983.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, demand the Court answer the federal questions and issue judgment in their favor and against Defendant Windtree Homeowners Association, Inc. and Defendant The City of Dallas with compensatory damages in an amount to be proved at trial, exclusive of interest and costs, and such other and further relief as the Court deems just and proper.

**COUNT IV**
**Negligence**
**42 U.S.C. § 1983. Deprivation of Rights**
**(Defendants Windtree and the City of Dallas)**

43. Paragraphs 1 through 42 are incorporated herein by reference as though set forth more fully at length.

44. Defendant Windtree owed Plaintiff a duty of care to comply with the Final Order and Permanent Injunction to ensure the maintenance, repair, safety of Plaintiff's real property, property rights and equal rights under the law. Windtree breached that duty of care. Windtree's breach is the actual and proximate cause of Plaintiff's injuries and damages.

45. Defendant City of Dallas owed Plaintiff a duty of care in timely ensuring Defendant Windtree's compliance with the Final Order and Permanent Injunction to ensure the safety and health of Plaintiff's real property, property rights and equal rights under the law. Windtree breached that duty of care. Windtree's breach is the actual and proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, respectfully asks this Court to find Defendants Windtree Homeowners Association, Inc. and The City of Dallas negligent and any other relief the Court deems proper.

**COUNT V**
**Breah of Contract**
**(Defendants Windtree)**

46. Paragraphs 1 through 46 are incorporated herein by reference as though set forth more fully at length.

47. Defendant Windtree and Plaintiff have a valid contract via dedicatory instruments to include the condominium declaration and bylaws. Windtree is responsible for the management, maintence and repair of the common elements of Plaintiff's real property. Plaintiff is a member of the association. Windtree breached the terms of that agreement. Windtree's breach is the actual and proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, respectfully asks this Court to find Defendants Windtree Homeowners Association, Inc. breached its contract with Plaintiff and any other relief the Court deems proper.

**COUNT VI**
**Rule 65: Motion for Temporary Restraining Order and Preliminary Injunction**
**(Defendants Windtree and United)**

48. Paragraphs 1 through 47 are incorporated herein by reference as though set forth more fully at length.

49. Mr. Jones is the sole beneficiary and trustee of The 3X's Land Trust (the "Trust") owns 8110 Skillman Street #1005, Dallas, TX 76231 (the "Unit"), a condominium within Windtree's complex. Mr. Jones is the sole occupant of the unit.

50. A temporary restraining order serves to provide emergency relief and to preserve the status quo until a hearing may be had on a preliminary injunction. Cannan v. Green Oaks Apts., Ltd., 758 S.W.2d 753, 755 (Tex. 1988); Tex. Aeronautics Comm'n v. Betts, 469 S.W.2d 394, 398 (Tex. 1971).

51. A temporary restraining order, granted without notice, shall not exceed fourteen days unless the Court finds good cause to extend an additional fourteen days. RULE 65 and TEX. CIV. P. 680.

52. The purpose of a temporary injunction is to preserve the status quo of the subject matter of a suit pending a trial on the merits. Wimbrey v. WorldVentures Mktg., LLC, No. 05-19-01520-CV, 2020 Tex. App. LEXIS 10025, at *2 (Tex. App.—Dallas Dec. 17, 2020, no pet.) (mem. op.) (citing Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002)).

53. To obtain a temporary injunction, the applicant must plead and prove three elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. Butnaru, 84 S.W.3d at 204. The probable right to relief element does not require the applicant to show that it will prevail at trial, nor does it require the trial court to evaluate the probability that the applicant will prevail at trial. Young Gi Kim v. Ick Soo Oh, No. 05-19-00947-CV, 2020 Tex. App. LEXIS 3929, at *2 (Tex. App.—Dallas May 11, 2020, no pet.) (mem. op.). Rather, it requires the applicant to present

enough evidence to raise a bona fide issue as to its right to ultimate relief. Id. This requires the applicant to produce some evidence supporting every element of at least one valid legal theory. Id.; see also Dallas Anesthesiology Assocs., P.A. v. Tex. Anesthesia Grp., P.A., 190 S.W.3d 891, 896-97 (Tex. App.— Dallas 2006, no pet.) ("To establish a probable right to the relief sought, an applicant is required to allege a cause of action and offer evidence that tends to support the right to recover on the merits."). One does not have to await the consummation of threatened injury to obtain injunctive relief. Hous. Federation of Teachers, Local 2415 v. Houston Indep. Sch. Dist., 251 F. Supp. 3d 1168, (S.D. Tex. 2017).

54. In the case at bar, Plaintiff has brought the above causes of action for negligence per se, 42 USC Ch. 21: Civil Rights §1981, 1982 and 1983, 28 U.S.C. §1331, Rule 65 Motion for Temporary and Preliminary Injunctions and Rule 70 Enforcing a Judgment for s Specific Act and Unlawful Cloud on Title.

55. As to Plaintiff's breach of fiduciary duty claim, each element, including (i) the existence of a fiduciary relationship between Plaintiff and Defendants, (ii) the breach of defendants' fiduciary duty to Plaintiff, and (iii) Defendants' breach resulting in injury to Plaintiff has been provided sufficient evidence that supports Plaintiff's right to recover.

56. Defendants have purposely chosen not to comply with the Final Order and Permanent Injunction. Jeanine Thames, President of Windtree even communicated with to the City that Windtree does not have to comply because Windtree is foreclosing upon Plaintiff. Windtree has attempted to foreclose on Plaintiff twice in the last twelve months. Imminent and irreparable harm is now forced upon Plaintiff. No amount of monetary damages can remedy the loss of the Plaintiff's home in which he has resided for over ten years.

57. Defendants have attempted to complete a non-judicial foreclosure on Plaintiff even after Plaintiff has countersued them in another case. Defendant Windtree had the State District Court stay the entire case for four months on September 19, 2024. Defendants filed non-judicial foreclosures on October 14, 2024 and November 5, 2024. This is Mr. Jones sole residence, should any foreclosure sale proceed, imminent and irreparable harm is now forced upon Plaintiff, requiring him to seek temporary and preliminary injunctions to enjoin Defendants from selling his condominium unit, while Defendant Windtree's continual refusal to update and provide accurate books and records of his account, fail to account for the $3,000 payment he made in July 2024, fail to provide accurate books and records for the Association, fail to provide audits of the Association and fails to repair and maintain Plaintiff's property that currently has holes in the walls and floor joints where sunlight comes in, cracks on the walls, doors and windows fail to operate correctly and has foundation and structural problems. No amount of monetary damages can remedy the loss of the Plaintiff's home in which he has resided for over ten years.

58. Defendants fail to abide by the Final Judgment and Agreed Permanent Injunction to repair and maintain Plaintiff's and the Association's property. No amount of monetary damages can remedy the loss of use, the loss of quiet enjoyment and the physical damage to Plaintiff's home in which he has resided for over ten years.

59. Defendants continue to tow Plaintiff's vehicles as retaliation causing actual damages that require tires replaced and the bumper fixed.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, respectfully asks this Court to issue a temporary restraining order against Defendants Windtree and United, set a hearing for a preliminary injunction, and ultimately issue a preliminary injunction

against Defendants until the pendency of this case. Plaintiff further requests that a bond be placed at $100 due to the lack of damage to be had by Defendants as a result of the injunction.

**<u>COUNT VII</u>**
**Rule 70: Motion to Enforce a Judgement for a Specific Act**
**(Defendants Windtree and the City of Dallas)**

60. Paragraphs 1 through 59 are incorporated herein by reference as though set forth more fully at length.

61. Windtree has failed to comply with the State District's Court Final Judgment and Agreed Permanent Injunction at least on subparagraphs (b), (e), (f), (i), (j), (k) and (m).

62. Defendants continue to engage in their actions which continue to harm Plaintiff and the homeowner members of Defendant Windtree.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, demand judgment in their favor and against Defendant Windtree Homeowners Association, Inc. and The City of Dallas, and force Defendant Windtree Homeowners Association, Inc. to fully comply with the Final Judgment and Agreed Permanent Injunction within 30 days as written in the Court's Order, and such other and further relief as the Court deems just and proper.

**<u>COUNT VIII</u>**
**Rule 53 and 55: Motion to Appoint A Special Master**
**(Defendant Windtree)**

63. Paragraphs 1 through 62 are incorporated herein by reference as though set forth more fully at length.

64. Defendants continue to engage in their actions which continue to harm Plaintiff and the homeowner members of Defendant Windtree.

65. Plaintiff Motions the Court to Appoint a Special Master in accordance to Rule 53 (B)(i) and (ii) and potentially (C), specifically request their duties as follows:

(a) Take over all communication responsibilities on Windtree's behalf with the City of Dallas.

(b) Inspect Defendant Windtree's property in conjunction with the City of Dallas without notice to Defendant Windtree and report findings to this Court and Plaintiff to verify that they are complying with the Final Judgment and Agreed Permanent Injunction.

(c) Create a plan and enforce it to comply with all repairs necessary in the Final Order and Permanent Injunction.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, demand judgment in their favor and against Defendant Windtree Homeowners Association, Inc., and appoint a Special Master to fully comply with the Final Judgment and Agreed Permanent Injunction as written in the Court's Order, and such other and further relief as the Court deems just and proper.

## COUNT IX
**Unlawful Cloud on Title**
**(Defendant Windtree)**

66. Paragraphs 1 through 65 are incorporated herein by reference as though set forth more fully at length.

67. Defendants have failed to maintain proper records of charges and payments of Plaintiff's Special Assessment payment(s) for the metal roof.

68. In 2020 an emergency special assessment to replace the entire property's roofs on 16 buildings were approved.

69. In 2022, Plaintiff paid off his special assessment in full.

70. Defendants sent communication that they have used the money for the special assessments for other things.

71. On or about August 24, 2021, roofing installer/contractor Priority Roofing, filed a materials and mechanics lien on the entire property to include Plaintiff's condominium unit.

72. Defendants have failed to pay the roofing installer/contractor as defined by the terms of the agreement between the parties.

73. Defendants have failed to have the lien removed from Plaintiff's condominium unit.

74. Defendants also filed a lien for alleged assessments dues. Plaintiff's counsel in a previous case communicated with Windtree's Counsel about Plaintiff's account having accounting inaccuracies.

75. Defendants still refuse to release their lien(s) after they received payment.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, demand judgment in their favor and against Defendant Windtree Homeowners Association, Inc., and Order Windtree release the lien on Plaintiff's property within 30 days, and such other and further relief as the Court deems just and proper.

**COUNT X**
**Defamation**
**28 U.S.C § 4101 (1) (6) (d)**
**(Defendant Windtree)**

76. Paragraphs 1 through 75 are incorporated herein by reference as though set forth more fully at length.

77. Defendant through its President and Board Member Jeanine Thames sent an email communication on October 30, 2024, at 11:16 a.m. to Perissa Hyde, Inspector III, Code Enforcement, Northeast Multi-tenant Division, City of Dallas.

78. Kathy Stewart, Dallas City Councilwoman was copied in on the email communication.

79. Other Windtree board members were copied in on the email communication.

80. Windtree's property manager, Deborah Lushia, also copied in on the email communication.

81. Ms. Thames said the "owner of unit 1005 is a dangerous and disgruntled homeowner".

82. Ms. Thames also said, "he has not paid his dues for over 6 months and he told our collection lawyers that they must not want the money so bad because they would not accept a credit card".

83. Ms. Thames further says that "he is angry and wants to do anything he can to fight and cause us problems".

84. Ms. Thames also said, "this man continuously calls city code compliance and continuously threatens us".

85. Plaintiff is not dangerous or disgruntled.

86. Plaintiff did not owe 6 months in association dues to Windtree at the time of Windtree's email communication.

87. Plaintiff did not communicate with Windtree's lawyers because he was represented by counsel and its impossible for him to have said to Windtree's lawyers that "they must not money so bad because they would not accept a credit card".

88. Plaintiff is not angry.

89. Plaintiff is not doing anything to cause Windtree problems. Plaintiff, however, is doing what he is entitled to as a homeowner to protect his equal and property rights.

90. Plaintiff has not threatened Ms. Thames, Windtree or any other Board member of Windtree.

91. Ms. Thames' statements are false.

92. Ms. Thames knew her statements were false when she stated them.

93. Other Windtree board members failed to reply and correct Ms. Thames' false statements.

94. Ms. Thames' statements were an attempt to discredit Plaintiff with City of Dallas Officials.

95. Ms. Thames' statements were an attempt to get more time from the City of Dallas to comply with a previous Court's Final Order and Permanent Injunction.

96. The City of Dallas gave Windtree additional time to comply as a result of Ms. Thames email communication.

97. The additional time given to Windtree's non-compliance of a previous Court's Final Order and Permanent Injunction continued to cause irreparable harm to Plaintiff.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, demand judgment in their favor and against Defendant Windtree Homeowners Association, Inc., and such other and further relief as the Court deems just and proper.

**COUNT XI**
**Prohibitions on Third Party Communications**
**12 CFR § 1006.6(d)(1)**
**12 CFR § 1006.6(d)(2)**
**(Defendant Windtree)**

98. Paragraphs 1 through 97 are incorporated herein by reference as though set forth more fully at length.

99. Defendant through its President and Board Member Jeanine Thames sent an email communication on October 30, 2024, at 11:16 a.m. to Perissa Hyde, Inspector III, Code Enforcement, Northeast Multi-tenant Division, City of Dallas.

100. Kathy Stewart, Dallas City Councilwoman was copied in on the email communication.

101. Ms. Thames also said, "His unit is scheduled for foreclosure on next Tuesday. He has not paid his dues for over 6 months and he told our collection lawyers that they must not want the money so bad because they would not accept a credit card".

102. Windtree and Ms. Thames as its President is a debt collector.

103. Windtree must not communicate in connection with the collection of any debt with any person other than the consumer, the consumer's attorney, a consumer reporting agency, the creditor, the creditor's attorney or debt collector's attorney.

104. Plaintiff did not give Windtree or Ms. Thames, prior direct consent to discuss his pending foreclosure or alleged debt with the City of Dallas or any other party.

105. The City of Dallas is not and was not Plaintiff's attorney, a consumer reporting agency or an agent of Windtree.

WHEREFORE, Plaintiffs, Clifford Jones and 3X's Land Trust, demand judgment in their favor and against Defendant Windtree Homeowners Association, Inc., and such other and further relief as the Court deems just and proper.

**Dated: June 5, 2025**

Respectfully submitted,

CLIFFORD JONES

/s/ [signature]

Clifford Jones, Pro Se
Legal4hassa@outlook.com
8110 Skillman Street, Unit 1005
Dallas, TX 75231
Phone: 469-504-0175

**GARY FITZSIMMONS**
**DISTRICT CLERK**
George L. Allen, Sr. Courts Building
600 Commerce Street, Ste. 101
Dallas, Texas 75202-4606

H-160th

FIRST CLASS

UNITED STATES POSTAGE
PITNEY BOWES
02 1A $ 00.64⁰
0004617147 JAN04 2012
MAILED FROM ZIPCODE 75202

FILED

2012 JAN -5 PM 3:

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
______ DEP

RUSSELL E CLINAGE
1201 ELM STREET
SUITE 4800
DALLAS TX 75270

7527032165 C026

**GARY FITZSIMMONS**
**DISTRICT CLERK**
**DALLAS COUNTY**
**600 COMMERCE, 1ST FLOOR**
**DALLAS, TEXAS 75202-4606**

January 03, 2012

RUSSELL E CLINAGE
1201 ELM STREET
SUITE 4800
DALLAS TX 75270

## NOTICE OF JUDGMENT

CAUSE NO. DC-09-08315

| | |
|---|---|
| City Of Dallas<br>*Plaintiff(s),*<br>v.<br>Windtree Residences Inc *Defendant(s)* | In the District Court<br>of Dallas County, Texas<br>160th District Court |

**TO WHOM IT MAY CONCERN:**

In accordance with the provisions of Rule 306(a)(3) of the Texas Rules of Civil Procedure, you are hereby notified that a Judgment has been entered in the above-referenced matter.

signed on **12/19/2011.**

Respectfully,
Gary Fitzsimmons, District Clerk

By: Leslie Richardson, Deputy Clerk
LESLIE RICHARDSON

4414 687

Cause No. 09-08315

| | | |
|---|---|---|
| CITY OF DALLAS,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | |
| | § | DALLAS COUNTY, TEXAS |
| WINDTREE RESIDENCES, INC.,<br>FIDEL JENKINS, AND<br>WINDTREE HOMEOWNERS<br>ASSOCIATION, INC.<br>Defendants. | §<br>§<br>§<br>§<br>§ | 160th JUDICIAL DISTRICT |

**FINAL JUDGMENT AND AGREED PERMANENT INJUNCTION**

On this day, came the City of Dallas, Plaintiff, and Windtree Homeowners Association, Inc., Defendant (hereafter "Windtree HOA"), to submit this Final Judgment and Agreed Permanent Injunction ("Injunction") for entry by the Court. Upon consideration of the pleadings and the agreement of the parties, evidenced by their signatures below, the Court finds good cause to enter this Injunction.

Further, the Court hereby finds the following:

The City of Dallas is a home-rule municipal corporation situated in Dallas County, Texas, incorporated and operating under the laws of the State of Texas.

Defendant Windtree HOA has an ownership interest in the structures and the property described as 7.875 acres in City Block A/8110, also known as 8110 Skillman Street, Dallas, Texas (the "Property"). Defendants maintain control over the common elements of the Property ("Common Areas").

Venue is proper and this Court has jurisdiction pursuant to Section 54.013 of the Texas Local Government Code.

The Property consists of an occupied multi-family residential condominium structure and accessory structures operating under the name Windtree Condominiums.

The following violations of the Dallas City Code exist or have existed on the Property:

a. There are holes, excavations, and/or sharp objects that are reasonably capable of causing injury to a person. Section 27-11(a)(1)

b. Failure to protect the exterior surfaces of the structure from decay. Section 27-11(b)(1)

c. Failure to provide and maintain railings for stairs, steps, balconies, porches and elsewhere on the property. Section 27-11(b)(3)

d. Failure to repair defects in stairs, porches, steps and balconies. Section 27-11(b)(4)

e. The structure is not in a water-tight and weather-tight condition. Section 27-11(b)(5)

f. Failure to maintain floors, walls, ceilings, and all supporting structural members in a sound condition, capable of bearing imposed loads safely. Section 27-11(b)(6)

g. There are holes, cracks, and loose surface materials that are health or safety hazards in the floors, walls or ceilings. Section 27-11(b)(9)

h. Exposed electrical wiring exists on the property. Section 27-11(c)(11)

i. There is not adequate security lighting on the property. Section 27-11(e)(2)

j. Failure to keep the Property free of litter. Section 7A-18

k. Items that are not customarily stored outside have been left outside for over 24 hours. Section 51A-4.217(b)(6)(A)

l. The parking area has not been maintained in accordance with the Dallas City Code. Specifically, the owner of off-street parking shall keep the maneuvering and parking areas free of potholes, maintain wheel guards and barriers, and maintain non-permanent parking space markings such as paint so that there is a clear identification of each space. Section 51A-4.301(d)(6)

m. The dumpsters are not properly screened. Section 51A-4.602(b)(6)

n. The multi-tenant units and/or buildings on the property are not numbered in accordance with the Dallas City Code. Section 43-104

These ordinances relate to:

a. the preservation of public safety, relating to the material or methods used to construct a building or other structure or improvement, including the foundation, structural elements, electrical wiring or apparatus, plumbing fixtures, entrances, or exits;

b. the preservation of public health or to the fire safety of a building or other structure or improvement;

c. dangerously damaged or deteriorated structures or improvements;

d. conditions caused by accumulation of refuse, vegetation, or other matter that creates breeding and living places for insects and rodents;

There is a risk of adverse health impact and substantial danger of injury to persons on the Property or to property other than that of the Defendant Windtree HOA. People and property will continue to suffer from adverse health impacts and risk substantial danger of injury unless Windtree HOA complies with these ordinances.

**IT IS THEREFORE AGREED, ORDERED, AND ADJUDGED,** pursuant to Sections 54.016 and 54.018 of the Texas Local Government Code that Defendants shall cease any conduct or condition that fails to cure, repair or otherwise remedy the following violations of the Dallas City Code:

a. Repair or abate all holes, excavations, and/or sharp objects that are reasonably capable of causing injury to a person in violation of Section 27-11(a)(1) and maintain the property free of defects capable of causing injury to a person;

b. Protect and maintain the exterior surfaces of the structures that are subject to decay by application of paint and continue to maintain the structures free of defects;

c. Provide and maintain railings for stairs, steps, balconies, porches and elsewhere on the property and continue to maintain free of defects capable of causing injury to a person;

d. Repair holes, cracks, and other defects reasonably capable of causing injury to a person in stairs, porches, steps and balconies and continue to maintain free of defects capable of causing injury to a person;

e. Repair and maintain a structure intended for human occupancy in a water-tight and weather-tight condition and continue to maintain in water-tight and weather-tight condition;

f. Repair and maintain floors, walls, ceilings, and all supporting structural members in a sound condition, capable of bearing imposed loads safely and continue to maintain free of defects capable of causing injury to a person;

g. Repair holes, cracks and loose surface materials that are health or safety hazards in or on floors, walls, and ceilings and continue to maintain free of defects capable of causing injury to a person;

h. Eliminate any exposed electrical wiring and continue to maintain free of defects capable of causing injury to a person;

i. Provide and maintain adequate security lighting on the property and continue to maintain free of defects;

j. Remove and maintain property free of litter and continue to maintain free of litter;

k. Remove any and all items that are not customarily stored outside that have been left outside for over 24 hours and continue to maintain the property free of outside storage;

l. Maintain parking area in accordance with the Dallas City Code. The owner of off-street parking shall keep the maneuvering and parking areas free of potholes, maintain wheel guards and barriers, and maintain non-permanent parking space markings such as paint so that there is a clear identification of each space and continue to maintain free of defects;

m. Repair and maintain dumpster screening and continue to maintain free of defects and;

n. Number the multi-tenant units and/or buildings on the property in accordance with the Dallas City Code and continue to maintain in accordance with the Dallas City Code.

**IT IS FURTHER AGREED, ORDERED, AND ADJUDGED** that Defendant Windtree HOA shall obtain all necessary permits prior to performing repairs on the Properties. Defendant Windtree HOA agrees, warrants, and represents that they have completed all repairs in a good and workmanlike manner and that they will maintain the repairs specified in this Injunction.

**IT IS FURTHER AGREED, ORDERED, AND ADJUDGED** that building K, including units 1062, 1063, 1064, 1065, 2062, 2063, 2064 and 2065 has been severely damaged by fire. Windtree HOA is currently working with their insurance company and will complete repair or demolition of those units on or before June 1, 2012. Windtree HOA shall obtain all necessary permits prior to performing demolition or repairs. Defendant Windtree HOA agrees, warrants, and represents that they will complete all repairs in a good and workmanlike manner and that they will maintain the repairs specified in this Injunction.

**IT IS FURTHER AGREED, ORDERED, AND ADJUDGED** that the City, through its agents and inspectors, may enter and inspect the Property at any time with or without notice to Windtree HOA.

**IT IS FURTHER AGREED, ORDERED, AND ADJUDGED** that Defendants Windtree HOA shall pay to Plaintiff, City of Dallas, civil penalties in the amount of **$2,500.00** on or before **January 15, 2012.** Payment shall be made by delivering a certified check or money order, payable to the City of Dallas, to the following address: Dallas City Attorney's Office, c/o Daniel Ryan, 1500 Marilla Street 7CN, Dallas, Texas 75201. This payment is in addition to any monies collected through contempt proceedings. Notwithstanding any other language in this document, the City is not compromising, settling, or releasing any claims for taxes, assessments, liens, penalties, fines, or the like, if any, that are or become due and owing.

In accordance with Chapter 304 of the Texas Finance Code, interest shall accrue on this judgment at the rate of 5% per annum until paid, beginning when payment is due and ending on the date the judgment is satisfied.

**IT IS FURTHER AGREED, ORDERED, AND ADJUDGED** that Defendant Windtree HOA shall provide notice to any agents, assigns, employees, subsequent holder, successor in interest, purchaser, or owner, and any other persons in privity that it shall be bound by the terms and conditions of this Injunction. Windtree HOA admits no liability and nothing in this Agreed Permanent Injunction is to be construed as an admission or inference of liability in any form.

**IT IS FURTHER AGREED, ORDERED, AND ADJUDGED** that the parties waive any further findings of fact with regard to the issuance of this Injunction, and agreed that this Injunction is sufficiently clear to comply with the requirements of Rule 683 of the Texas Rule of Civil Procedure.

**IT IS FURTHER AGREED, ORDERED, AND ADJUDGED** that any future enforcement and/or violation of this order, partial or in its entirety, shall be subject to a 30 day written notice and an opportunity on behalf of the Defendant to cure such alleged defect prior to any action being taken on behalf of the City of Dallas.

**THE PARTIES SHALL TAKE NOTE** that the Court expressly retains its jurisdiction to amend this Final Judgment and Agreed Permanent Injunction upon a showing of changed circumstances. Because City of Dallas, Plaintiff, is a municipality of the State of Texas, no bond is required to be posted by Plaintiff.

This is a final appealable judgment disposing of all claims and all parties.

Signed this 19 day of December 2011.

PRESIDING JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

Daniel L. Ryan
Assistant City Attorney
1500 Marilla Street 7CN
Dallas, Texas 75201

**ATTORNEY FOR PLAINTIFF**
**THE CITY OF DALLAS**

Russell Clinage
Attorney & Counselor at Law
1201 Elm Street Suite 4800
Dallas, Texas 75270

**ATTORNEY FOR DEFENDANT**
**WINDTREE HOMEOWNERS ASSOCIATION, INC.**

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Clifford Jones and 3X's Land Trust

**DEFENDANTS**
Windtree Homeowners Association, Inc., City of Dallas, United Tow LLC
united TOW LLC

(b) County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

RECEIVED
JUN - 5 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3-25CV1417-L

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT:** ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY:** ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY:** ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury; ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY:** ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY:** ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS:** ☐ 440 Other Civil Rights; ☐ 441 Voting; ☐ 442 Employment; ☒ 443 Housing/ Accommodations; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 448 Education

**PRISONER PETITIONS:** Habeas Corpus: ☐ 463 Alien Detainee; ☐ 510 Motions to Vacate Sentence; ☐ 530 General; ☐ 535 Death Penalty; Other: ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition; ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY:** ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 690 Other

**LABOR:** ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION:** ☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions

**BANKRUPTCY:** ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS:** ☐ 820 Copyrights; ☐ 830 Patent; ☐ 835 Patent - Abbreviated New Drug Application; ☐ 840 Trademark; ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY:** ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS:** ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES:** ☐ 375 False Claims Act; ☐ 376 Qui Tam (31 USC 3729(a)); ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit (15 USC 1681 or 1692); ☐ 485 Telephone Consumer Protection Act; ☐ 490 Cable/Sat TV; ☐ 850 Securities/Commodities/ Exchange; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding; ☐ 2 Removed from State Court; ☐ 3 Remanded from Appellate Court; ☐ 4 Reinstated or Reopened; ☐ 5 Transferred from Another District *(specify)*; ☐ 6 Multidistrict Litigation - Transfer; ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1981, 1982, 1983 and 1988. 28 USC 1331. Rule 53, Rule 65 and Rule 70
Brief description of cause:
Failure to maintain and repair housing in compliance wih a prior Final Order and Permanent Injunction to ensure the safety and wellfare

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.