IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CLIFFORD JONES and 3X'S LAND TRUST,** § § § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. **3:25-CV-1417-L-BN** |
| § | |
| **WINDTREE HOMEOWNERS ASSOCIATION, INC.; THE CITY OF DALLAS; and UNITED TOWS, LLC,** § § § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("Motion") (Doc. 4), filed June 5, 2025. The court **denies** the Motion (Doc. 4) for the reasons herein explained.

**I.    Factual and Procedural Background**

On June 5, 2025, pro se Plaintiffs Clifford Jones and 3X's Land Trust ("Plaintiffs") brought this action against Windtree Homeowners Association, Inc. ("Windtree HOA"); the City of Dallas ("the City"); and United Tows, LLC ("United Tows") to address various alleged wrongs stemming loosely from Windtree HOA's management of Windtree Condominiums, a 200-unit condominium complex located at 8111 Skillman Street, Dallas, Texas, 75231. According to Plaintiffs' Complaint, Mr. Jones is the trustee of 3X's Land Trust, and 3X's Land Trust is a Texas land trust that holds the title to his condominium unit at Windtree Condominiums.  Plaintiffs allege that all of the condominium units at Windtree Condominiums are individually owned; the homeowners are members of Windtree HOA; approximately 30 units are owner occupied; and most of the remaining units are rented to Section 8 tenants.

**Memorandum Opinion and Order – Page 1**

Plaintiffs assert the following eleven causes of actions against Defendants that are based on: (1) Windtree HOA's alleged failure to comply with a Final Order and Agreed Permanent Injunction, dated December 19, 2021, requiring it to address approximately fourteen City of Dallas Code violations affecting the living conditions and safety of the condominium complex; (2) Plaintiffs' request to enforce the Final Order and agreed Permanent Injunction; (3) tire and body damage allegedly caused by United Tows (as an agent of Windtree HOA) when it towed his vehicle in retaliation presumably for his complaining about the living conditions and safety of Windtree Condominiums and his own condominium unit: (4) Windtree HOA's efforts to foreclose on Mr. Jones's condominium unit and failure to account for a $3,000 payment he made in July 2024; (5) Windtree HOA's failure to pay a roofing contractor resulting in the filing of a mechanic's lien on the entire property, including Mr. Jones's unit and Defendants' refusal to release the lien(s) after receiving payment; (6) the making of false and defamatory statements in an October 30, 2024 e-mail by Windtree HOA's president and board member, Jeanine Thames, to the City's Code Enforcement, saying that Mr. Jones is a dangerous and disgruntled homeowner who constantly calls the City's Code Enforcement or Compliance making threats although he has not paid his homeowner association dues for more than six months; and (7) the disclosure of information in the same e-mail by Ms. Thames regarding the pending foreclosure of Mr. Jones's unit or alleged debt with the City or other parties.

Plaintiffs contend that such conduct supports the following causes of action under state and federal law against Defendants:

- Count I (against Windtree HOA and United Tows): "Negligence Per Se" and "Equal Rights/Property Rights," pursuant to 42 U.S.C. § 1981, for Windtree HOA's alleged failure to control its agent United Tow, who in turn failed to control its towing employees who damaged Mr. Jone's vehicle while towing it, requiring tire replacement and body work;

**Memorandum Opinion and Order – Page 2**

- Count II (against Windtree HOA and the City): "Property Rights of Citizens" and "Deprivation of Rights," pursuant to 42 U.S.C. §§ 1982 and 1983, presumably for Windtree HOA's alleged failure to comply with the Final Order and Agreed Permanent Injunction, dated December 19, 2021;

- Count III (against Windtree HOA and the City): "Property Rights of Citizens" and "Deprivation of Rights," pursuant to 42 U.S.C. §§ 1981 and 1983, presumably for Windtree HOA's alleged failure to comply with the Final Order and Agreed Permanent Injunction, dated December 19, 2021;

- Count IV (against Windtree HOA and the City): "Negligence" and "Deprivation of Rights," pursuant to 42 U.S.C. § 1983, for Windtree HOA's alleged failure to comply with the Final Order and Agreed Permanent Injunction, dated December 19, 2021;

- Count V (against Windtree HOA): "Breach of Contract" for Windtree HOA's failure to comply with the homeowner association's declaration and bylaws that make it responsible for management, maintenance and repairs of Plaintiffs' real property;

- Count VI (against Windtree HOA and United Tows): "Motion for Temporary Restraining Order and Preliminary Injunction"

- Count VII (against Windtree HOA and the City): "Rule 70: Motion to Enforce a Judgment for a Specific Act" based on Windtree HOA's alleged failure to comply with the Final Order and agreed Permanent Injunction, dated December 19, 2021;

- Count VIII (against Windtree HOA): "Motion to Appoint a Special Master" to take over the responsibilities of Windtree HOA "on Windtree HOA's behalf with the City of Dallas"; "inspect Windtree HOA's property in conjunction with the City" to verify compliance with the Final Order and agreed Permanent Injunction, dated December 19, 2021; and create an enforcement plan for making necessary repairs;

- Count IX (against Windtree HOA): "Unlawful Cloud on Title" to remove the cloud on Plaintiffs' title resulting from Windtree HOA's failure to maintain proper records of charges and payments, including Mr. Jones's special assessment payments towards installation of a metal roof and other "alleged assessment dues," failure to pay the roofing contractor as required by "the terms of the agreement between the parties," and failure to have the contractor's lien removed from Mr. Jones's unit;

- Count X (against Windtree HOA): "Defamation" in violation of 28 U.S.C. § 4101(1)(6)(d); and

- Count XI (against Windtree HOA): "Prohibition on Third Party Communications" in violation of 12 C.F.R. §1006.6(d)(1)-(2).

Pls.' Compl. 7-20.

**Memorandum Opinion and Order – Page 3**

## II.     Request for TRO and Preliminary Injunction

### A.  Legal Standard

There are four prerequisites for the extraordinary relief of a TRO or preliminary injunction in federal court. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the [TRO or preliminary] injunction [are] not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction [or TRO] will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant the TRO or preliminary injunction.

Plaintiffs reference the language in Rule 65 that provides for issuance of an *ex parte* TRO without notice to the opposing side. For this reason and given their reference to foreclosure proceedings, the court assumes that Plaintiffs are seeking *ex parte* relief even though it is not entirely clear whether any foreclosure proceedings are currently scheduled to take place in the near future.  Rule 65(b)(1) of the Federal Rules of Civil Procedure permits a court to issue an *ex parte* TRO without notice to the adverse party or its attorney only when both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

### B. Discussion

There are a number of issues with Plaintiffs' request for injunctive relief. As a preliminary matter, there is no indication that Mr. Jones is licensed to practice law. Thus, while he can represent himself in this civil action, he cannot represent 3X's Land Trust regardless of whether he is the sole trustee. *See* 28 U.S.C. § 1654. Moreover, a business entity such as 3X's Land Trust cannot represent itself. Instead, it must be represented by a licensed attorney. *See Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (explaining that 28 U.S.C. § 1654 "gives a party the right to plead and conduct a case "personally," but a business entity such as a corporation, which is a "fictional legal person, obviously cannot appear for [itself] personally.") (citation omitted). Accordingly, any request for relief on behalf of 3X's Land Trust is not properly before the court.

This aside, Plaintiffs' Motion for a TRO does not satisfy either of Rule 65(b)(1)'s requirements for *ex parte* relief, as they did not submit an affidavit in support of their requested TRO and their pleadings are not verified. Additionally, Plaintiffs' Motion for a TRO is not accompanied by a written certification detailing the "efforts made to give notice *and the reasons why it should not be required*." Fed. R. Civ. P. 65(b)(1)(B) (emphasis added). Their request for an *ex parte* TRO is, therefore, procedurally deficient and fails for this reason alone.

Even assuming that Plaintiffs are not seeking an *ex parte* TRO, their claims as currently pleaded do not support the issuance of a TRO or preliminary injunction. In support of their Motion for injunctive relief, Plaintiffs allege in pertinent part as follows:

> 54. In the case at bar, Plaintiff has brought the above causes of action for negligence per se, 42 USC Ch. 21: Civil Rights§ 1981, 1982 and 1983, 28 U.S.C. § 1331, Rule 65 Motion for Temporary and Preliminary Injunctions and Rule 70 Enforcing a Judgment for s Specific Act and Unlawful Cloud on Title.

> 55. As to Plaintiff's breach of fiduciary duty claim, each element, including (i) the existence of a fiduciary relationship between Plaintiff and Defendants, (ii) the breach of defendants' fiduciary duty to Plaintiff, and (iii) Defendants' breach resulting in injury to Plaintiff has been provided sufficient evidence that supports Plaintiff's right to recover.
>
> 56. Defendants have purposely chosen not to comply with the Final Order and Permanent Injunction. Jeanine Thames, President of Windtree [HOA] even communicated with to the City that Windtree [HOA] does not have to comply because Windtree [HOA] is foreclosing upon Plaintiff. Windtree [HOA] has attempted to foreclose on Plaintiff twice in the last twelve months. Imminent and irreparable harm is now forced upon Plaintiff. No amount of monetary damages can remedy the loss of the Plaintiffs home in which he has resided for over ten years.
>
> 57. Defendants have attempted to complete a non-judicial foreclosure on Plaintiff even after Plaintiff has countersued them in another case. Defendant Windtree [HOA] had the State District Court stay the entire case for four months on September 19, 2024. Defendants filed nonjudicial foreclosures on October 14, 2024 and November 5, 2024 . This is Mr. Jones sole residence, should any foreclosure sale proceed, imminent and irreparable harm is now forced upon Plaintiff, requiring him to seek temporary and preliminary injunctions to enjoin Defendants from selling his condominium unit, while Defendant Windtree [HOA]'s continual refusal to update and provide accurate books and records of his account, fail to account for the $3,000 payment he made in July 2024, fail to provide accurate books and records for the Association, file to provide audits of the Association and fails to repair and maintain Plaintiff's property that currently has holes in the walls and floor joints where sunlight comes in, cracks on the walls, doors, and windows fail to operate correctly and has foundation and structural problems. No amount of money damages can remedy the loss of the Plaintiff's home in which he has resided for over ten years.
>
> 58. Defendants fail to abide by the Final Judgment and Agreed Permanent Injunction to repair and maintain Plaintiff's and the Association's property. No amount of monetary damages can remedy the loss of use, the loss of quiet enjoyment and the physical damage to Plaintiff's home in which he resided for over ten years.
>
> 59. Defendants continue to tow Plaintiff's vehicles as retaliation causing actual damages that require tires replaced and the bumper fixed.

Pls.' Compl. 54-58.[1]

---

[1] The references in these paragraphs of Plaintiffs' Complaint to "Plaintiff" and "Plaintiff's" appear to refer to Mr. Jones.

**Memorandum Opinion and Order – Page 6**

With respect to their claims for relief under federal law, Plaintiffs do not allege that Windtree HOA, Two Tows, or the City was acting under color of state law, or that the challenged conduct may be 'fairly attributable to the State" as required for a claim under 42 U.S.C. § 1983.[2] Similarly, Plaintiffs do not allege that any Defendant acted under color of State law with respect to their claims under 42 U.S.C. § 1981, which provides that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." *Id.* § 1981(c).

In addition, Plaintiffs' Complaint contains no allegations of any wrongdoing by the City. Plaintiffs assert that Windtree HOA failed to abide by the Final Judgment and Agreed Permanent Injunction, but the Final Judgment and Agreed Preliminary Injunction were issued by a state court in which Windtree HOA and the City, *but not Plaintiffs*, were both parties, and Plaintiffs do not explain why they believe they have standing to enforce the Final Judgment and Agreed Preliminary Injunction to which only Windtree HOA and the City are parties.

Title 42, United States Code, Section 1982 "forbids both official and private racially discriminatory interference with property rights," *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616 (1987) (citation omitted). To state a claim under section 1982, a plaintiff must allege facts from which the court can reasonably infer that "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Lee v. Ishee*, 383 F. App'x 499, 500 (5th Cir. 2010) (quoting *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997)).

---

[2] Section 1983 allows individuals to seek redress when someone acting under the authority of state law "subjects" them to a deprivation of rights or "causes" them "to be subjected" to a deprivation of rights. Generally, a plaintiff asserting a claim under § 1983 must (1) allege the deprivation of a right secured by the Constitution or federal law and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "Private action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be 'fairly attributable to the State.'" *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (citation omitted).

**Memorandum Opinion and Order – Page 7**

Plaintiffs allege that Mr. Jones is African American, but their pleadings contain no allegations from which the court can plausibly infer that he was discriminated against on this ground.

Likewise, Plaintiffs reference a breach of fiduciary duty claim in the section of their Complaint in which they seek injunctive relief, but other than reciting the elements of this claim, there are no factual allegations in this section or elsewhere in their pleadings that would support a claim on this ground under state law against any of the Defendants.

As indicated, Plaintiffs also allege that Mr. Jones was retaliated against, presumably by Windtree HOA and Two Tows, and that he suffered damages to his vehicle as a result. Such damages, however, can be compensated by a money damages award and, therefore, are insufficient to establish the type of irreparable harm required for a TRO or preliminary injunction.

Plaintiffs also contend that Mr. Jones will suffer irreparable harm if Windtree HOA is not enjoined from foreclosing on his condominium. Plaintiffs allege that Mr. Jones has paid in full all association assessments such that foreclosure is improper, but this allegation is conclusory and no specific factual allegations supporting it are provided to put in context what was owed, paid, and outstanding. Mr. Jones also did not submit a copy of the agreement he has with the Windtree HOA from which these fees or assessments apparently originate.

For all of these reasons the court determines that Plaintiffs have not satisfied the first and second requirements for a TRO and preliminary injunction. Plaintiffs do not address the remaining two requirements or explain why they are satisfied here. In any event, the court need not address them because it has determined that Plaintiffs failed to meet their burden with respect to the first two requirements—substantial likelihood of success on the merits and a substantial threat that irreparable harm will result if the TRO or preliminary injunction is not granted. Accordingly, Plaintiffs are not entitled to a TRO or preliminary injunction.

### III.     Conclusion

As Plaintiffs have failed to establish each of the requirements for injunctive relief as required for issuance of a TRO and preliminary injunction, the court **denies** their Motion for TRO and **denies without prejudice** their Motion for Preliminary Injunction (Doc. 4).  Further, by **July 8, 2025**, 3X's Land Trust must retain counsel to represent it in this action and notify the court in writing by this date whether counsel has been retained to represent 3X's Land Trust.  If counsel has not been retained by 3X's Land Trust by July 8, 2025, the written notification must show cause why counsel has not yet been retained.  Any counsel retained to represent 3X's Land Trust must make an appearance in this action on behalf of 3X's Land Trust by **July 15, 2025**.  Additionally, by **July 15, 2025**, an amended complaint must be filed that addresses the deficiencies in this order regarding Plaintiffs' claims.  If 3X's Land Trust has not retained counsel by July 15, 2025, the amended complaint must remove all references to 3X's Land Trust unless an extension to retain counsel is requested and granted by the court. *Failure to comply with this memorandum opinion and order may result in the sua sponte dismissal of this action and/or the specific claims herein addressed pursuant to Federal Rules of Civil Procedure 41(b) or 12(b)(6).*

**It is so ordered** this 10th day of June, 2025.

Sam A. Lindsay
United States District Judge