IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFFORD JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1417-L-BN |
| | § | |
| WINDTREE HOMEOWNERS ASSOCIATION, INC., THE CITY OF DALLAS, and UNITED TOWS, LLC, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONLCUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are two Motions to Dismiss filed by Defendant United Tows LLC and Defendant Windtree Homeowner's Association (collectively, "Defendants"). *See* Dkt. Nos. 28 & 29.

This Court ordered that Defendants' deadlines to serve their responsive pleadings to Plaintiff's First Amended Complaint [Dkt. No. 19] were stayed pending the resolution of the motions to dismiss. *See* Dkt. Nos. 31 & 32.

Plaintiff Clifford Jones then filed a Motion for Leave to Amend Complaint. *See* Dkt. No. 33.

The Court ordered Defendants to respond to Jones's motion for leave by October 6, 2025. *See* Dkt. No. 34.

Defendant United Tows was terminated as a party pursuant to Jones's Notice of Dismissal. *See* Dkt. No. 39. And Defendant Windtree has not responded to Jones's

motion.

And, so, the undersigned considers Jones's motion for leave without the benefit of a response from Defendants.

**Discussion**

Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Defendants' motions to dismiss challenged Jones's First Amended Complaint. *See* Dkt. Nos. 28 & 29. But Jones's proposed Second Amended Complaint purports to correct the jurisdictional issues that formed the basis of Defendants' motions to dismiss by adding, for example, a Fourteenth Amendment claim against Defendant Windtree and Defendant The City of Dallas. *See* Dkt. No. 33.

And, so, the undersigned finds that Jones should be granted leave to amend his complaint.

The undersigned finds that, because United Tows is no longer a party to this lawsuit, its motion to dismiss is moot. *See* Dkt. No. 39. And, because Windtree's motion to dismiss challenges the First Amended Complaint, it is also moot. *See* Dkt. No. 29.

## Recommendation

The Court should grant Jones's motion for leave to amend [Dkt. No. 33]. And the Clerk of the Court should be ordered to enter the attached proposed Second Amended Complaint [Dkt. No. 33 at 5-174] as the live pleading.

The pending motions to dismiss [Dkt. Nos. 28 & 29] should be denied as moot. Defendant Windtree and Defendant City of Dallas should be ordered to their file responsive pleadings to the Second Amended Complaint by a reasonable deadline to be set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 10, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE